JUDGE SWAIN

**09 CV 8501**

A CERTIFIED TRUE COPY
ATTEST
By Dana Stewart on Oct 02, 2009

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Oct 02, 2009

FILED
CLERK'S OFFICE

IN RE: CITIGROUP, INC., AUCTION RATE
SECURITIES (ARS) MARKETING LITIGATION (No. II)
   Ocwen Financial Corp., et al. v. Citigroup Global Markets, Inc.,  )
      S.D. Florida, C.A. No. 9:09-80397                                    )     MDL No. 2043

### TRANSFER ORDER

     **Before the entire Panel**[*]: Plaintiffs in an action pending in the Southern District of Florida have moved pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), asking the Panel to vacate its order conditionally transferring the action to the Southern District of New York for inclusion in MDL No. 2043. Citigroup entities and an employee[1] oppose the motion.

     After considering all argument of counsel, we find that this action involves common questions of fact with the actions in this litigation previously transferred to the Southern District of New York, and that transfer of this action to the Southern District of New York for inclusion in MDL No. 2043 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We further find that transfer of this action is appropriate for reasons that we set out in our original order directing centralization in this docket. In that order, we held that the Southern District of New York was a proper Section 1407 forum for actions arising from allegations that Citigroup entities and/or its employees made misrepresentations or omissions in the context of the sale of auction rate securities (ARS). Particularly, the centralized actions arose under the common factual background surrounding Citigroup's alleged role in manipulating (and contributing to the ultimate collapse of) the ARS market. *See In re Citigroup, Inc., Auction Rate Securities (ARS) Marketing Litigation (No. II)*, 626 F.Supp.2d 1329, 1330 (J.P.M.L. 2009).

     Plaintiffs argue against transfer that, *inter alia*, they need prompt resolution of *Ocwen* in light of deadlines for repayment of certain lines of credit for which plaintiffs' ARS holdings served as collateral. Based upon the Panel's precedents and for the following reasons, we respectfully disagree with this argument. *Ocwen* arises from the same common factual core as the previously centralized MDL No. 2043 actions regarding Citigroup's role in selling ARS (in particular, Citigroup's alleged representations that ARS were liquid alternatives to money market funds and allegations that Citigroup artificially supported and manipulated the market for ARS). Further, there is no indication that the

---

   [*] Judges Heyburn and Vratil took no part in the decision of this matter.

   [1] Citigroup, Inc., and Citigroup Global Markets, Inc. (collectively Citigroup); and Brian Williams.

A CERTIFIED COPY
J. MICHAEL McMAHON, CLERK



BY _____
               DEPUTY CLERK

- 2 -

action would progress more quickly in the Southern District of Florida than in the context of the centralized proceedings before a judge who is already familiar with the contours of this litigation. Transfer under Section 1407 carries the benefit of placing related actions before a single judge who can: (1) allow discovery with respect to any individual issues to proceed concurrently with pretrial proceedings on common issues, *In re Ephedra Products Liability Litigation*, 314 F.Supp.2d 1373, 1375 (J.P.M.L. 2004); and (2) ensure that pretrial proceedings are conducted in a streamlined manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties.

Should the circumstances regarding any action in MDL No. 2043 develop such that the transferee judge determines that continued inclusion of a claim or action no longer remains advisable, Section 1407 remand of the claim or action is available with a minimum of delay following a suggestion of remand to the Panel by the transferee judge. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, this action is transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Laura Taylor Swain for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

_____
Robert L. Miller, Jr.
Acting Chairman

John G. Heyburn II, Chairman*      Kathryn H. Vratil*
David R. Hansen                    W. Royal Furgeson, Jr.
Frank C. Damrell, Jr.